of his right to practice his religion. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion, *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1100 (9th Cir. 2006), and we affirm.

The district court did not abuse its discretion by denying Plant's Rule 60(b) motion because Plant failed to prove by clear and convincing evidence that defendants' engaged in fraud or other misconduct in connection with the settlement agreement, or establish extraordinary circumstances or any other ground warranting relief from the order of dismissal. *See id.* at 1103 (requirements for obtaining relief under Rule 60(b)(6)); *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) (requirements for obtaining relief under Rule 60(b)(3)). While the repudiation or complete frustration of a settlement agreement can constitute grounds to set aside a judgment under Rule 60(b)(6), *see Keeling v. Sheet Metal Workers Int'l Ass'n, Local Union 162*, 937 F.2d 408, 410–11 (9th Cir. 1991), Plant has not demonstrated that such circumstances exist in this case.

Plant's contentions that the district court erred in not incorporating the terms of the settlement into its order of dismissal, and by ignoring Plant's supplemental pleading, which was filed after the case was dismissed, are meritless.

We do not consider Plant's contentions concerning the district court's order denying his "Motion to Alter, Amend, or Reconsider Memorandum Decision and Sealed Order" because Plant failed to file a new or amended notice of appeal after the district court issued its ruling. *See* Fed. R. App. P. 4(a)(4)(B)(ii).

We do not consider matters not specifically and distinctly raised and argued in.

the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

**Rodney L. PLANT, Plaintiff–Appellant,**

v.

**Jaun IBARRA; et al., Defendants–Appellees.**

No. 14–35934

United States Court of Appeals, Ninth Circuit.

Submitted July 26, 2016 *

August 03, 2016

Rodney L. Plant, Boise, ID, Pro Se.

Before: SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Rodney L. Plant, a former Idaho state prisoner, appeals pro se from the district court's order denying his application for leave to proceed in forma pauperis ("IFP") in his 42 U.S.C. § 1983 action alleging

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

federal and state law claims arising out of the alleged denial of his right to practice his religion. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). We affirm.

The district court did not abuse its discretion by denying Plant's IFP application because Plant did not demonstrate that he was unable to pay the court's filing fee due to poverty or indigency. *See id.* ("An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."); *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (a § 1915 affidavit must state facts "with some particularity, definiteness and certainty" as to indigency (citation and internal quotation marks omitted)).

Plant's requests for sanctions and sequential payment of IFP fees are denied.

**AFFIRMED.**

**Rodney L. PLANT, Plaintiff–Appellant,**

v.

**Kristy SKEEM, Mrs.; et al., Defendants–Appellees.**

No. 14–36113

United States Court of Appeals, Ninth Circuit.

Submitted July 26, 2016 *

August 03, 2016

Rodney L. Plant, Boise, ID, Pro Se.

Before: SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Rodney L. Plant, a former Idaho state prisoner, appeals pro se from the district court's order denying his application for leave to proceed in forma pauperis ("IFP") in his 42 U.S.C. § 1983 action alleging federal and state law claims arising out of the alleged denial of his right to practice his religion. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). We affirm.

The district court did not abuse its discretion by denying Plant's IFP application because Plant did not demonstrate that he was unable to pay the court's filing fee due to poverty or indigency. *See id.* ("An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."); *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (a § 1915 affidavit must state facts "with some particularity, definiteness and certainty" as to indigency (citation and internal quotation marks omitted)).

**AFFIRMED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.